

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNIVERSAL CONSOLIDATED SERVICES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3957** |
| **AUTOMATED BUSINESS DESIGNS, INC.** | **SECTION C** |

### ORDER AND REASONS

Before this court is Automated Business Designs's ("ABD") Motion to Dismiss for Improper Venue, for Failure to Plead Fraud with Specificity and for Failure to Meet the Amount in Controversy Thresholds. In its Motion to Dismiss, ABD argues arguing that the suit should be dismissed for (1) improper venue; (2) failure to plead fraud with specificity; and (3) failure to meet the jurisdictional thresholds of 28 U.S.C. 1332(a)(1).

### I. Background

Universal Consolidated Services d/b/a Universal Personnel ("UP") provides short-term staffing and job placement. Automated Business Designs (ABD) is a software development company that sells software and software-related service to staffing agencies. UP filed suit against ABD for fraud, negligent misrepresentation, unfair trade practices, breach of contract,

enrichment without cause, and detrimental reliance,[1] arising out of software provided by ABD to UP.

**II. Improper Venue**

ABD argues that UP's complaint should be dismissed because venue in the Eastern District of Louisiana is improper, as the contract between the parties contains a forum selection clause which mandates venue in the Circuit Court of Cook County, Illinois, as the sole and exclusive location for improper venue.

The contract consists of several documents: a purchase order, ABD's responses to UP's Discovery Report, ABD's agreement letter regarding pricing of additional software and maintenance, and the Non-Exclusive Software License Agreement. According to the Purchase Order, dated 6/17/2004, ABD is to provide an Ultra-STAFF software package "with licensing to Universal Personnel under the terms and conditions of this Purchase Order and the below listed exhibits, in order of precedent, each attached hereto and made part of this Purchase Order." (Purchase Order at 1.) The Purchase Order then lists ABD's responses as Exhibit A, ABD's agreement letter as Exhibit B, and the License Agreement as Exhibit C.[2]

The Purchase Order also states: "This Purchase Order expressly limits acceptance to the terms and conditions stated herein, and any supplementary or additional terms and conditions

---

[1] These claims are based on UP's First Supplemental and Amending Complaint (Rec. Doc. 12), which was filed after ABD filed its motion to dismiss.

[2] The UP attorneys attached the Purchase Order as Exhibit 3 (an older copy of the purchase order as Exhibit 2), the ABD Responses as Exhibit 2A, the ABD agreement letter as Exhibit 2B, the 5/14/2004 copy of the License Agreement as Exhibit 2C, and the 6/28/2004 License Agreement as Exhibit 4.

annexed hereto or incorporated herein by reference." (Purchase Order at 4.) The Purchase Order is signed by a representative of UP, but not by a representative of ABD.[3]

The Purchase Order does not contain the forum selection clause. Rather, the forum selection clause is contained in the Non-Exclusive Software License Agreement.[4] The clause states:

> "Miscellaneous. Any suits or claims arising out of the interpretation or enforcement of this Agreement, including any claims arising out of or alleged breach, must be commenced in the Circuit Court of Cook County, Illinois… This Agreement contains the entire agreement between the Licensee and ABD with respect to the subject matter of this Agreement. All prior arrangements or understandings are superseded by this Agreement." (License Agreement at 3.)

The Non-Exclusive Software License Agreement also incorporates four schedules: a licensed software schedule, an equipment schedule, a payment schedule, and a training schedule, which specify in some detail the obligations of the parties. The License Agreement is signed by both parties. It also states that "It is understood that Licensee has carefully reviewed the Licensed Software and that the Licensee agrees with respect to the Licensed Software to accept the responsibility for its selection to achieve the Licensee's intended results obtained therefrom." (License Agreement at 1.)

ABD argues that the License Agreement constitutes the sole agreement between the parties, and thus, any dispute must be governed by the forum selection clause.[5] UP, on the other

---

[3] It appears as though Dan Schwarzenbach, Director of Administration signed the Purchase Order. It is unclear which party he represents based on the Purchase Order alone, but he signed the 6/28/04 License Agreement as UP's representative.

[4] The parties included two License Agreements, one dated May 14, 2004 and one dated June 28, 2004. The June 28, 2004 License Agreement states that it is the "Final Copy."

[5] The attorneys for ABD do not argue that the terms of the License Agreement apply to the entire agreement. Rather, they argue that the License Agreement dated 6/28/2004 is the only contract between ABD and UP, because it is the only document signed by both parties and it was signed after the 5/14/2004 License Agreement was signed and after the 6/17/2004 Purchase Order was printed and completed. However, this argument is contradicted by the terms of the Purchase

3

hand, argues that the forum selection clause in the License Agreement only pertains to disputes arising out of the License Agreement. In other words, the License Agreement is a separate contract between the two parties.

This Court finds that neither argument constitutes a fair reading of the contract between the two parties. However, the Court finds that ABD's Motion to Dismiss should be granted because the forum selection clause in the License Agreement governs all disputes arising out of the contract, which includes the Purchase Order, ABD discovery responses, ABD letter, and License Agreement.

The Court finds that the entire contract between the parties consists of the Purchase Order, ABD discovery responses, ABD letter, and License Agreement. The Purchase Order incorporates the License Agreement, and states that it is made part of the Purchase Order. Because the License Agreement is incorporated as a part of the Purchase Order, and is linked with the other documents, the most natural reading of the "Agreement" referred to in the forum selection clause is the entire agreement between the parties – not just the License Agreement. Thus, the terms in the License Agreement apply to the rest of the contract. *See, for example, Kessmann and Associates, Inc. v. Barton-Aschman Associates, Inc.*, 10 F.Supp.2d 682, 690 (S.D.Tex. 1997) (holding that a contract that incorporated the terms of another contract also incorporated its forum selection clause).

Any "[c]laims that arise out of the contractual relationship and implicate the agreement are subject to the forum-selection clause." *See Texas Source Group, Inc. v. CCH, Inc.*, 967 F.Supp. 234, 237 (S.D.Tex. 1997); *Hoffman v. Burroughs Corp.*, 571 F.Supp. 545, 547

---

Order, which state that the License Agreement is made a part of the Purchase Order. The Court finds no reason to treat the 6/28/2004 License Agreement as the sole agreement between the two parties.

(N.D.Tex. 982) (plaintiff's "claims for fraudulent inducement into contract and breach of warranties impliedly made upon entering an agreement are undoubtedly related to that agreement" and thus subject to the forum-selection clause). It is difficult to imagine a suit involving a breach of a term of one of the documents without involving a breach of the license agreement, because the license agreement governs the use of the software specified in the other documents. UP tries to provide such a scenario, arguing that they are alleging a breach of ABD's Responses – that ABD lied about the capabilities of its software as outlined in ABD's Responses – not a breach of the License Agreement. However, according to the terms of the License Agreement, any breach of ABD's Responses constitutes a breach of the License Agreement. The License Agreement warrants that the software "will perform substantially as specified in the corresponding detailed documentation." (License Agreement at 1.). The schedules attached to the License Agreement do not specify the capabilities of the software in detail. Rather, the ABD Responses specify the capabilities of the software. Thus, the License Agreement cannot be treated as a separate contract, but rather as a part of a multi-document contract, which is incorporated into other documents and also incorporates other documents itself. Any claims relating to one of the documents in the contract are therefore governed by the forum selection clause.

Parties may designate by contract a forum in which any litigation is to take place. *Carnival Commercial Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991). The forum selection clause is mandatory – in other words, by stating that any claim "must" be brought within a certain jurisdiction, it mandates that the suit be brought in a particular forum. *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (holding that for "a forum selection clause to be exclusive, it must go beyond establishing that a particular

forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.").

Unless enforcement is unreasonable or unjust, a court should enforce the mandatory forum selection clause. *International Software System, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (1996); *Alternative Delivery Solutions, Inc. v. R.R. Donnelley & Sons Co.*, 2005 WL 1862631, *5 (W.D.Tex. 2005). UP does not argue that the forum selection clause is invalid, only that it does not apply to terms beyond those contained in the License Agreement. There is no reason not to enforce the forum selection clause.

For these reasons, IT IS ORDERED that Automated Business Designs's Motion to Dismiss for Improper Venue[6] is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(3).[7]

New Orleans, Louisiana, this 13th day of February, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[6] The Court is granting the Motion because of improper venue, and thus declines to address ABD's other arguments in the Motion.

[7] Because the only appropriate forum is a state court, this Court cannot transfer the case, but has to dismiss it.